# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-256-1 |
| RAPHAEL SHAW | : | |

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

**I.     INTRODUCTION**

On May 31, 2020, Raphael Shaw and his confederates used a forklift to steal a cash dispenser recycler ("CDR") from a Wells Fargo Bank located in West Philadelphia. A grand jury subsequently indicted Shaw for entering a bank with intent to commit a felony, in violation of 18 U.S.C. § 2113(a) (Count One), and taking and carrying away more than $1,000 from a bank, and aiding and abetting, in violation of 18 U.S.C. §§ 2113(b) and 2 (Count Two). The defendant has signed a plea agreement under which he would plead guilty to Count Two of the indictment.

**II.    ENTRY OF GUILTY PLEA**

The defendant has signed a plea agreement, which is attached as Exhibit A. The Court has scheduled a change of plea hearing for February 10, 2021. Under the agreement, the defendant will plead guilty to Count Two, and the government will dismiss Count One at sentencing.

**III.   ESSENTIAL ELEMENTS OF THE OFFENSE**

Section 2113(b) of Title 18 states that "[w]hoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging

to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both." The government may obtain a conviction under this statute by proving that:

(1) The defendant took and carried away money belonging to or in the care of a bank;

(2) At the time the defendant took and carried away such money, the deposits of the bank were insured by the FDIC;

(3) The defendant took and carried away such money with the intent to steal; and

(4) Such money exceeded $1,000 in value.

Seventh Circuit Model Criminal Jury Instruction on 18 U.S.C. § 2113(b) (2020 ed.).

In order to prove the defendant guilty of aiding and abetting the taking and carrying away of more than $1,000 from a bank, the government must prove each of the following elements beyond a reasonable doubt:

(1) That an individual committed the offense charged by committing each of the elements of the offense charged;

(2) That the defendant knew that the offense charged was going to be committed or was being committed by other individuals;

(3) That the defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging other individuals in committing the specific offense charged and with the intent that the individuals commit that specific offense; and

(4) That the defendant performed an act in furtherance of the offense charged.

*See* Third Circuit Model Criminal Jury Instruction § 7.02.

### IV. MAXIMUM PENALTIES

The statutory maximum penalty for violating 18 U.S.C. § 2113(b) is 10 years' imprisonment, three years of supervised release, a fine of $250,000, and a $100 special assessment.

### V. FACTUAL BASIS FOR THE PLEA

If the case were to proceed to trial, the government would introduce evidence which would establish the following:

On May 31, 2020, widespread looting occurred in and around a Wells Fargo Bank located at 1575 North 52nd Street in Philadelphia, Pennsylvania. A large group of individuals broke into and burglarized the bank, which was at the time closed to the public and had its deposits insured by the Federal Deposit Insurance Corporation. The burglars spent a considerable amount of time in the bank and stole a cash dispenser recycler ("CDR") from the bank that contained $104,111. These individuals loaded the CDR onto a forklift and then used the forklift to carry the CDR away from the bank. Neither the CDR nor the funds inside the machine were ever recovered, thus the total resulting loss to the bank was $104,111.

Bank surveillance footage, and social media postings, depict an individual wearing a blonde wig standing inside the bank during the burglary, rifling through cabinets as the burglary occurred, and helping to move the CDR through the bank at approximately 6:15 p.m. Three Philadelphia police officers who are familiar with the defendant viewed this footage and identified the defendant as the person wearing the blonde wig. Additionally, the defendant has stipulated that he is the person wearing the blonde wig depicted inside the bank.

At approximately 7:00 p.m., surveillance video shows that the defendant followed the forklift to the rear of the bank. After the defendant and his confederates loaded the CDR onto the forklift, the defendant jumped into a dark sedan, which escorted the forklift away from the bank.

The government later obtained a photograph posted approximately two weeks after the burglary, which was recovered from a social media posting, depicting the defendant displaying numerous bills of United States currency.

This memorandum sets forth only the essential facts that would need to be proven to establish the elements of the offense charged.

## VI. CONCLUSION

The United States respectfully submits that this summary of evidence provides a factual basis for the guilty plea by the defendant to Count Two of the indictment. The government respectfully requests that the Court accept the defendant's plea of guilty.

                                        Respectfully submitted,

                                        JENNIFER ARBITTIER WILLIAMS
                                        Acting United States Attorney


                                        /s/ Michael R. Miller
                                        MICHAEL R. MILLER
                                        Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Change of Plea Memorandum was served by email upon:

Michael I. McDermott
121 S. Broad Street, 18th Floor
Philadelphia, PA 19107
Mmcder1188@aol.com

/s/ Michael R. Miller
MICHAEL R. MILLER
Assistant United States Attorney

Dated: February 8, 2021