IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 20-256-1 |
| | : | |
| RAPHAEL SHAW | : | |

### JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

**AND NOW**, this 21st day of June 2021, upon considering the United States' Motion for preliminary forfeiture (ECF Doc. No. 76), today's sentencing hearing and finding as a result of Raphael Shaw's guilty plea as to count two of the Indictment, charging Mr. Shaw violated 18 U.S.C. § 2113(b), 2 taking and carrying away more than $1,000 from a bank and aiding and abetting for which the United States sought forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), it is **ORDERED** the Motion (ECF Doc. No. 76) is **GRANTED** and we enter **JUDGMENT** requiring Mr. Shaw **forfeit** to the United States all right, title and interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of the violations as charged in the Indictment under our terms:

1. As a result of Mr. Shaw's guilty plea as to count two charging him with taking and carrying away more than $1,000 from a bank and aiding, in violation of 18 U.S.C. § 2113(b), 2, he is required to forfeit criminally his interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to a "specified unlawful activity" that is taking and carrying away more than $1,000 from a bank, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

2. All property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity" that is taking and carrying away more than $1,000 from

a bank, is forfeited to the United States.

3. The sum of $104, 000 represents the value of property, real or personal, which constitutes or is derived from proceeds traceable to a "specified unlawful activity" that is taking and carrying away more than $1,000 from a bank, as a result of the offense charged in count two of the Indictment.

4. Mr. Shaw shall forfeit to the United States the $104,000 in proceeds he obtained as a result of his commission of the offense charged in count two of the Indictment, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2). A money judgment in the amount of $104,000 is entered against Raphael Shaw.

5. Under 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the defendant has dissipated or otherwise spent the proceeds he obtained and the United States cannot locate the proceeds upon the exercise of due diligence, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The United States may move at any time, under Federal Rule of Criminal Procedure 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to Mr. Shaw having a value up to the amount of the uncollected money judgment, as substitute assets.

6. Upon the entry of this Order, the United States is authorized to seize the Subject Property and the Attorney General or a designee, under Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), is authorized to conduct discovery to identify, locate, or dispose of property subject to this Order and to address third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas under Federal Rule of Civil Procedure 45.

7. Because the United States does not seek forfeiture of any specific asset at this time advertisement of the judgment and third-party proceedings in not required. Fed. R. Crim. P. 32.2(c)(10 (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

5. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

6. Under Fed.R.Crim.P. 32.2(b)(4), this Order of Forfeiture is final as to Mr. Shaw at the time of sentencing and is made part of the sentence and included in the judgment.[1]

7. We retain jurisdiction to enforce this Order, and to amend it as necessary, under Fed.R.Crim.P. 32.2(e).

11. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Burau of Investigation (FBI), and counsel for the parties.

_____
KEARNEY, J.

---

[1] *See United States v. Bennett*, 423 F.3d 271 (3rd Cir. 2005)(to be effective, a forfeiture order must be included in sentence and judgment).